UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

CIVIL ACTION NO. 05-361-JBC

PEGGY OBERG,                                                                                        PLAINTIFF,

V.              MEMORANDUM OPINION AND ORDER

JO ANNE BARNHART, COMMISSIONER,
SOCIAL SECURITY ADMINISTRATION,                                                    DEFENDANT.

* * * * * * * * * *

The plaintiff, Peggy Oberg, brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of an administrative decision of the Commissioner. The court, having reviewed the record and being otherwise sufficiently advised, will deny the plaintiff's motion for summary judgment and grant the Commissioner's motion for summary judgment.

A.      Overview of the Process

Judicial review of the ALJ's decision is limited to determining whether he employed the proper legal standards. *Cutlip v. Sec'y of Health and Human Serv.*, 25 F.3d 284, 286 (6th Cir. 1994). "This court must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence." *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005). "Substantial evidence" is "more than a scintilla of evidence, but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* The court does not try the case *de novo* or

resolve conflicts in the evidence; it also does not decide questions of credibility. *See id.* Rather, if substantial evidence supports the Commissioner's decision, this court will defer to that finding, "even if there is substantial evidence in the record that would have supported an opposite conclusion." *Longworth*, 402 F.3d at 595, quoting *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004).

In determining disability, the ALJ conducts a five-step analysis. Step 1 considers whether the claimant is performing substantial gainful activity; at Step 2 the ALJ determines if one or more of the claimant's impairments are "severe"; at Step 3, the ALJ analyzes whether the claimant's impairments, singly or in combination, meet or equal a listing in the Listing of Impairments; at Step 4, the ALJ determines whether or not the claimant can perform his past relevant work; and, finally, at Step 5 – the step at which the burden of proof shifts to the Commissioner – the ALJ determines whether significant numbers of other jobs exist in the national economy that the claimant can perform. *See Preslar v. Sec'y of Health & Human Serv.*, 14 F.3d 1107, 1110 (6th Cir. 1994).

**B.     The ALJ's Determination**

At the first step of the evaluation, the ALJ determined that the claimant had not engaged in any substantially gainful activity since the alleged onset of her medical conditions. At the second and third steps of the evaluation, the ALJ determined that the claimant suffered from the following conditions: "diabetes mellitus (DM), history of hypoglycemia; status post Charcot calcaneus fracture;

degenerative arthritis of the hip; and mild plantar fasciitis." These conditions were "severe" within the meaning of the Regulations, 20 C.F.R. §§ 404.1520(c); 416.920(b). However, they did not meet or medically equal the requirements for any impairment in the Listing of Impairments. The ALJ also noted that the claimant suffered from non-severe hypothyroidism and impairment of herniated nucleus pulposus. At step four, the ALJ determined that the claimant retained the residual functional capacity to perform her past relevant work as a reference clerk and, therefore, she was not disabled. Notwithstanding the ALJ's decision at Step 4, a vocational expert testified as to the availability of other jobs in the national economy that the claimant might perform.

**C.     Analysis**

Ms. Oberg argues that the ALJ's decision is not supported by substantial evidence. Specifically, she argues that the ALJ did not appropriately consider her impairments in determining her residual functional capacity; that the ALJ inadequately deferred to her treating physician; and that the ALJ failed to understand that she was not capable of performing any past relevant work.

1.   *Consideration of impairments*

The ALJ must consider the combined effects of the claimant's severe and non-severe impairments when determining her RFC. *Gooch v. Sec'y of Health and Human Servs.*, 833 F.2d 589, 591-92 (6th Cir. 1987). Reviewing the ALJ's decision, the court notes that the ALJ spent considerable time to review the record

and determine the extent of Ms. Oberg's physical impairments. In determining her RFC, "all [of the impairments were] considered in combination." Ms. Oberg also argues that the ALJ failed to consider her mental and emotional problems in determining her RFC. However, there was no evidence that Ms. Oberg suffered from any such problems, and, therefore, the ALJ was not required to consider any nonexertional limitations in determining her RFC. Because substantial evidence supports the ALJ's determination of Ms. Oberg's RFC, the court will not disturb it.

2.  *The Opinion of the Treating Physician*

The ALJ must defer to the opinions of a treating physician if that opinion is supported by sufficient clinical findings and consistent with other evidence in the record. *Bogle v. Sullivan*, 998 F.2d 342, 347-48 (6th Cir. 1993); *Cutlip*, 25 F.3d at 287. Ms. Oberg argues that the ALJ ignored the opinion of her treating physician, Dr. Myers, who prepared a Physical Capacities Evaluation stating that Ms. Oberg had significant limitations in sitting, standing, walking, grasping, and lifting. However, this report was inconsistent with the other evidence in the record, including evaluations prepared by Dr. DeGnore, Ms. Oberg's orthopedic surgeon, and other state agency physicians. Additionally, the ALJ noted that Ms. Oberg admitted having no significant problems with her hands. Because the limitations described in Dr. Myers' Physical Capacities Evaluation was inconsistent with other evidence in the record, the ALJ did not err by rejecting it.

3.  *Past Relevant Work*

4

Ms. Oberg argues that she cannot perform her past relevant work as a receptionist clerk because she cannot deal with the public. In his decision, the ALJ found that Ms. Oberg could perform her past relevant work as a reference clerk and made no findings as to her past work as a receptionist. That aside, in response to a hypothetical question which posited an individual for whom "[p]ublic contact must be infrequent, brief, and casual," according to the ALJ's decision, Vocational Expert Linda Sparrow replied that Ms. Oberg can work as a reference clerk. The claimant's alleged inability to deal with the public has thus been considered. Accordingly,

**IT IS ORDERED** that the plaintiff's motion for summary judgment (DE 4) is **DENIED**.

**IT IS FURTHER ORDERED** that the Commissioner's motion for summary judgment (DE 5) is **GRANTED**.

Signed on February 7, 2006

JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY

5